IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KNOWLEDGEPLEX, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-02315-RMU |
| ) | |
| **METONYMY, INC.** ) | |
| **D/B/A PLACEBASE** ) | |
| ) | |
| **Defendant.** ) | |

### PLACEBASE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

Placebase filed a Motion for Sanctions under Rule 11 on a number of grounds, including: (1) KPI's fatally defective copyright infringement claim and (2) KPI's legally unsupported common law trade secret misappropriation claim. While KPI then defended its copyright claim and its common law trade secret misappropriation claim, KPI now admits that it was wrong. KPI has been forced to concede that its December 2007 copyright registration that formed the sole basis for this Court's jurisdiction was not a registration for its "Dataplace" code. It also has admitted that its common law trade secret claim simply does not exist. KPI's admissions show that Placebase's motion for sanctions was and is well-founded, and should be granted.

First, KPI's August 12, 2008 Supplemental Memorandum in Opposition to Placebase's Motion to Dismiss ("KPI Supplement") [Docket #16], confirms a basic premise of Placebase's Motion for Sanctions: KPI did not perform an adequate investigation into its copyright infringement claim prior to filing suit. KPI's Supplement admits, for the first time, that even

DSMDB-2487925

before it filed this lawsuit, KPI knew that its December 14, 2007 submission to the Copyright Office was improper. KPI says it tried to correct its filing prior to filing suit, but a reasonable investigation would have shown what Placebase demonstrated in its motion to dismiss, and what the Copyright Office later confirmed: KPI's copyright filing was fatally defective. Instead of waiting to obtain a proper copyright, KPI ignored its defective filing, proceeded to file this suit the same day that it received a Certificate of Registration for TXu 1-570-162, then misrepresented the facts in response to Placebase's motions. (KPI Supplement, at 2). KPI thus admits that its filing of this lawsuit was not merely negligent, but that KPI deliberately proceeded to make false and unsubstantiated claims, knowing that the sole basis for federal jurisdiction was fatally defective.

KPI says that only after Placebase pointed out the multitude of errors in the copyright registration to KPI did KPI begin an investigation. (Memorandum in Support of Defendant's Motion for Sanctions, [Docket #13], at 31). Of course, KPI already knew that its December 14 filing was defective, but it concealed that fact from the Court. KPI now admits that its registration was defective and could not be corrected. The May 7, 2008 letter from the Copyright Office to counsel for KPI, attached as Exhibit A to KPI's Supplement, clearly states

> We have recalled the deposit material submitted for this work, *DataPlace*, and have found that the deposit consists of two copies of the same 25 pages of redacted source code. . . Because we have, post-registration, discovered that the deposit materials are not the first and last 25 pages but, rather, the first 25 pages of redacted code, copied twice, we cannot, as custodians of public records upon which claimants and courts rely for accuracy, replace any portion of the originally submitted copy.

KPI should not have proceeded with the filing of this action until it had secured a proper copyright registration. KPI's failure to comply with Rule 11 prior to filing its complaint fully supports the granting of Placebase's motion.

2

Even in its most recent filing, KPI continues to mislead this court about its copyright registration. In its Supplement (at p. 1), KPI states "KPI's investigation confirms that the [copyright] deposit was proper and that the copyright registration is valid and enforceable." That statement is blatantly false. The letter from the Copyright Office makes clear that "the deposit material submitted for this work, *DataPlace*. . . consists of two copies of the same 25 pages of redacted source code," which is <u>not</u> "the correct deposit for a computer program." (KPI Supplement, Ex. A, at 3). The Copyright Office explicitly ruled that KPI's "deposit materials are not the first and last 25 pages" of the required code, it was not a valid registration for the Dataplace code. (*Id.*)[1] The misleading manner in which KPI portrays the Copyright Office's letter provides yet another example of KPI's inaccuracies and mischaracterizations to this Court that support Placebase's Motion for Sanctions.[2]

Second, KPI's recent filings also confirm that sanctions are appropriate against KPI because its original complaint was filed with no legal basis to support its common law trade secret misappropriation claim. KPI originally pled common law trade secret misappropriation against Placebase (*see* Complaint, [Docket #1] at ¶¶ 49-52). Placebase moved to dismiss this claim because, as a reasonable inquiry would have revealed, it was preempted by D.C. statute. (*See* Defendant's Memorandum in Support of Its Motion for Sanctions, [Docket #13], at 32). KPI has since removed this allegation from its Amended Complaint.

---

[1] Placebase's brief in support of its pending motion to dismiss explained (at pp. 3, 14-20) how the deposited code was inconsistent with KPI's broad allegations.

[2] KPI may have filed its original Complaint when it did to be within the statute of limitations with respect to some of their claims. This is no excuse, however, for filing a Complaint without adequately investigating the factual and legal contentions presented therein. Because the Complaint lacked a good faith basis, it should be dismissed and sanctions should be awarded to Placebase.

3

Placebase moved to dismiss KPI's Complaint based on, *inter alia*, the defective claims discussed herein. KPI vigorously opposed that motion and stood by its allegation that "KnowledgePlex's copyright registration protects the entire code for DataPlace," and that its "claims of common law trade secret misappropriation . . . are well-stated." (KPI's Memorandum in Opposition to [Placebase]'s Motion to Dismiss, [Docket #11], at 13, 17). Placebase urged KPI to remove its unsupported factual and legal allegations by serving a draft of its Rule 11 Motion on KPI counsel. (Defendant's Motion for Sanctions, [Docket #13], at 1). When KPI's counsel indicated that no responsive action would be taken by KPI, Placebase was forced to fully brief the issues for the Court, which KPI opposed.[3] Now, KPI has submitted a Supplemental Memorandum and Amended Complaint that tacitly admit that Placebase was right. These recent filings further demonstrate that KPI was without factual or legal support for its copyright infringement and common law trade secret misappropriation claims.

For these reasons and for all of the reasons explained in Placebase's Motion for Sanctions and supporting memorandum, KPI's Complaint should be dismissed with prejudice and Plaintiff KPI and its counsel should be ordered to jointly and severally pay Placebase's costs and legal fees in defending this action.

---

[3] KPI filed its Opposition to Placebase's Motion for Sanctions on May 13, 2008. Although the Copyright Office's letter to KPI's counsel is dated May 7, 2008, KPI did not provide the Court with that letter in its May 13, 2008 Opposition, instead maintaining that "KPI will show that it owns a valid United States copyright registration for the DataPlace software code." (See KnowledgePlex's Memorandum in Opposition to [Placebase]'s Motion For Sanctions Under Rule 11, [Docket #14], at 17).

5

Dated: August 22, 2008                    Respectfully submitted,


                                          /s/   K. Brothers
                                          _____
                                          Kenneth W. Brothers (D.C. Bar No. 441113)
                                          Megan S. Woodworth (D.C. Bar No. 488775)
                                          Dickstein Shapiro LLP
                                          1825 Eye Street, N.W.
                                          Washington, D.C.  20006
                                          (202) 420-2200

                                          *Attorneys for Metonymy, Inc. d/b/a Placebase*

DSMDB-2487925

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2008 a copy of Placebase's Supplemental Memorandum in Support of Its Motion for Sanctions was served via electronic transmission on the following:

    Brian A. Coleman
    DRINKER BIDDLE & REATH LLP
    1500 K Street, NW
    Suite 1100
    Washington, DC 20005-1209

    David J. Moorhead
    DRINKER BIDDLE & REATH LLP
    191 North Wacker Drive
    Suite 3700
    Chicago, IL 60606-1698

    Richard W. Young
    DRINKER BIDDLE & REATH LLP
    191 North Wacker Drive
    Suite 3700
    Chicago, IL 60606-1698

Dated: August 22, 2008                                           /s/ Kenneth W. Brothers
                                                                        Kenneth W. Brothers