IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KNOWLEDGEPLEX, INC.** | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) ) ) | **Civil Action No.** 1:07-CV-02315-RMU |
| **METONYMY, INC.** **D/B/A PLACEBASE** | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S RESPONSE TO KNOWLEDGEPLEX'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In December 2007, Plaintiff KnowledgePlex, Inc. ("KPI") alleged that Metonymy, Inc. (d/b/a Placebase, Inc., hereinafter "Placebase") was infringing KPI's registered copyright TXu-1-570-162, which KPI stated was "for the code required to operate DataPlace." (Complaint [Docket #1], at ¶ 26). That copyright registration was the sole basis for this Court's jurisdiction. Placebase moved to dismiss the Complaint based on, *inter alia*, a lack of subject matter jurisdiction, as the only federal jurisdictional basis for the Complaint was premised on a defective copyright claim.

KPI's Supplemental Memorandum in Opposition to Metonymy's Motion to Dismiss ([Docket #16], Ex. A at 1-3) establishes beyond any doubt that KPI's registration TXu-1-570-162 was *not* "for the code required to operate DataPlace," as KPI insisted in its opposition to the motion to dismiss. More than three months ago, the Copyright Office advised KPI that KPI's registration TXu-1-570-162 was fatally defective, just as Placebase had demonstrated to the

Court. The Copyright Office advised KPI that KPI's "deposit material submitted for this work, *DataPlace*," did not comply with Copyright Regulations. In other words, KPI's registration TXu-1-570-162 was fatally defective from the date it was filed (December 14, 2007), and there was nothing that KPI could do to fix it. Despite KPI's attempt to have the Copyright Office correct KPI's defective registration, the Copyright Office explained that "we cannot [correct the defective deposit], as custodians of public records upon which claimants and courts rely for accuracy."

Thus, KPI did not have a copyright registration covering DataPlace at the time it filed suit. Without a valid copyright for the claimed product, the entire basis for KPI's federal lawsuit evaporates. KPI's copyright infringement claim, along with the rest of its Complaint, must be dismissed for lack of jurisdiction. *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 815-16 (5th Cir. 1997) (ordering the district court to modify its judgment of dismissal on the merits where the district court did not have jurisdiction over the copyright claim because "registration with the copyright office is a *jurisdictional* prerequisite to filing a copyright infringement suit"). Now that KPI's copyright infringement claim has been shown to be without legal support, its entire basis for federal jurisdiction fails. *See* Defendant's Motion to Dismiss [Docket #8], at 20. KPI's later actions cannot retroactively repair the absence of jurisdiction that existed for at least 8 months.[1]

Even though KPI vigorously opposed Placebase's Motion to Dismiss on this precise issue, KPI now has been forced to concede that its Complaint was fatally flawed because its registered copyright did not cover the subject matter that KPI claimed. Despite this concession,

---

[1] KPI's Amended Complaint suffers from many of the defects identified in Placebase's pending motion to dismiss. This Court should dismiss KPI's original Complaint and require KPI to address the defects prior to attempting to initiate any new action.

KPI has not backed down from its opposition to Placebase's Motion to Dismiss, nor does KPI contend that Placebase's Motion to Dismiss is moot.  To the contrary, KPI now states that "KPI's original claim of copyright infringement remains valid. . . . KPI has properly stated a claim for copyright infringement."  (KPI's Supplemental Memorandum in Opposition to Metonymy's Motion to Dismiss [Docket #16], at 3).  KPI cannot save its Complaint by asserting that its defective copyright was infringed, because its allegations in its Complaint simply do not match the defective registration.  KPI can no more base its complaint on TXu-1-570-162 than it could for the copyright registration for "Gone With The Wind" – which is where KPI's complaint should go.

The record clearly shows that KPI's allegations are built upon a fatally defective foundation.  Placebase should not have to continue defending itself against KPI's baseless claims. For these reasons and for all of the reasons explained in Defendant's Motion to Dismiss [Docket #8], KPI's Complaint should be dismissed with prejudice.

Dated: August 22, 2008               Respectfully submitted,

  /s/   K. Brothers
Kenneth W. Brothers (D.C. Bar No. 441113)
Megan S. Woodworth (D.C. Bar No. 488775)
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C.  20006
(202) 420-2200

*Attorneys for Metonymy, Inc. d/b/a Placebase*

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 22, 2008 a copy of Defendant's Response to KnowledgePlex's Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss was served via electronic transmission on the following:

     Brian A. Coleman
     DRINKER BIDDLE & REATH LLP
     1500 K Street, NW
     Suite 1100
     Washington, DC 20005-1209

     David J. Moorhead
     DRINKER BIDDLE & REATH LLP
     191 North Wacker Drive
     Suite 3700
     Chicago, IL 60606-1698

     Richard W. Young
     DRINKER BIDDLE & REATH LLP
     191 North Wacker Drive
     Suite 3700
     Chicago, IL 60606-1698

Dated: August 22, 2008                                            /s/ Kenneth W. Brothers
                                                                                 Kenneth W. Brothers